IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLAYTON WILLIAMS, #273-672 *
    Plaintiff,
                                       *
    v.                                      CIVIL ACTION NO. JFM-09-2427
                                       *
WARDEN,
    Defendant.                       *
                                      ******

## **MEMORANDUM**

On September 11, 2009, petitioner Clayton Williams Clay filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for armed robbery and assault entered in 1998. Paper No. 1. On January 8, 2010, respondents filed an answer to petitioner's application for habeas relief which solely addresses the timeliness of Petitioner's application. Paper No. 8. Petitioner was advised of his opportunity to file a reply. Paper No. 10. This he has done. Paper No. 1.

Petitioner was tried in the Circuit Court for Baltimore City, Maryland. On March 5, 1998, a jury found him guilty of first-degree assault, one count of armed robbery, use of a handgun in the commission of a crime of violence, carrying a handgun, and possession of a short-barreled shotgun. On April 23, 1998, the court sentenced Williams to serve 45 years in prison. Paper No. 8, Ex. 1-3.

Petitioner noted a timely appeal. In an unreported opinion filed on August 17, 1999, the Court of Special Appeals of Maryland merged one first-degree assault conviction into the armed robbery conviction, merged the carrying a handgun and possession of a short-barreled shotgun convictions into the use of handgun in the commission of a crime of violence conviction, and vacated

a consecutive sentence for possession of a short-barreled shotgun and a concurrent sentence for first-degree assault. Williams's judgment of conviction was affirmed in all other respects. *Id.*, Ex. 2. Williams's timely petition for writ of certiorari was denied by the Court of Appeals of Maryland on December 10, 1999. *Id.*, Ex. 3. Petitioner did not seek further appellate review. As such, his convictions became final on March 9, 2000, when the time for seeking review in the United States Supreme Court expired. *See* Sup. Ct. Rule 13.1.

On November 13, 2000, petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. On February 2, 2004, the Circuit Court for Baltimore City denied the petition. Paper No. 8, Ex. 3. Petitioner filed an application for leave to appeal which was denied in an unreported opinion on November 24, 2004, by the Court of Special Appeals. The court's mandate issued on December 24, 2004. *Id.*, Ex. 4.

Title 28 U.S. C. § 2244(d)[1] provides a one-year statute of limitations in non-capital cases for

---

[1]This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

those convicted in a state case. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998), *app. dismissed*, 178 F.3d 1283 (4th Cir. 1999).[2]

Over nine months passed between the time when petitioner's conviction became final and the filing for post conviction relief. An additional period of nearly five years elapsed between the conclusion of petitioner's post-conviction proceedings and the filing of the instant case.

The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Generally, the doctrine of equitable tolling has been applied in two types of situations: either where respondents' acts prevent petitioner from asserting the claim, or where extraordinary circumstances beyond petitioner's control prevent petitioner from filing a timely claim. *Id*. (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

Petitioner indicates that he did not become aware of the Maryland Court of Appeals' denial

---

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] On March 1, 2010, the Supreme Court heard argument as to whether equitable tolling applies to the one-year limitation period set out in § 2244(d) and, if so, what constitutes "extraordinary circumstances" under the equitable tolling doctrine. *See Holland v. Florida*, 539 F.3d 1334 (11th Cir. 2008), *cert. granted*, 130 S.Ct. 398 (09-5327) (2009).

of his petition for writ of certiorari arising from his direct appeal until August 18, 2009. As support of his claim he offers a copy of correspondence sent to him by the Office of the Public Defender, Collateral Review Division indicating that that office received Williams's letter dated July 6, 2009 addressed to Nancy Forster, Public Defender for Maryland. The letter indicates that the docket entries for Circuit Court for Baltimore City case numbers 297097064 and 066 do not reflect that a petition for writ of certiorari was filed or ruled upon; however, Williams was advised by the Chief of the Public Defender's Collateral Review Division that if a petition had been filed it likely would have been ruled upon and denied. Paper No. 11, Ex. Petitioner does not indicate what if any efforts he made to contact the Clerk of the Maryland Court of Appeals to discern the status of his petition. Petitioner's pro se status and any attendant lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the court does not find petitioner's arguments for equitable tolling compelling. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). A separate Order follows.

  __April 30, 2010___             ____/s/_____
Date                                        J. Frederick Motz
                                             United States District Judge